JACOB LOOMIS, Administrator, *vs.* HENRY B. WADHAMS & another.

After a general appearance and answer filed in behalf of two defendants, and one trial had without objection to any defect of service or jurisdiction, a defendant who has personally attended at a second trial cannot object that the court, in fact and by the record, has not acquired jurisdiction of his person.

A bond to give to the obligee " within twenty months from this date a good operative deed to five hundred and twenty five acres of land in T., from any land owned by W. at the time of his decease, except such land as may be sold at this date," *it seems,* contains an implied covenant that that amount of W.'s land remains unsold, and is broken if there is no such land at the date of the bond.   And if the obligor owns such land at the date of the bond, it is the obligee's right and duty to select that number of acres in such reasonable time before the expiration of the twenty months as will enable the obligor within that time to prepare a deed of the land selected; but the obligee is not limited to a single tract, provided he does not divide more than one tract; nor required to make his selection in such time as to enable the obligor to repurchase lands sold since the date of the bond, or to free the lands from incumbrances, and upon a failure

47 *

to convey any land at all, the measure of damages is the value of such land as the obligee might have selected.

The admission of a party to the record is competent evidence against him, although it relates to the contents of a writing.

ACTION OF CONTRACT against Henry B. Wadhams and Albert Wadhams, upon a bond, made by them to Caleb Loomis, the plaintiff's intestate, dated February 4th 1847, with a penalty of $1500, and conditioned to " convey to the said Caleb Loomis and Almira his wife, within twenty months from this date, a good operative deed to five hundred and twenty-five acres of land in the State of Texas, from any land owned by Willard Wadhams at the time of his decease, except such land as may be sold at this date, and reserving to " the obligors two tracts by name.

The declaration, after setting forth the bond, alleged that Caleb Loomis, within the twenty months, removed to Texas with his wife and family, and was ready to select the land mentioned in the bond, and to receive a deed thereof, and notified the defendants and their agent accordingly, and requested them to show the said land to him and his wife, that they might make a selection, and to convey the same to them; but the defendants and their agent refused so to do, and denied that there was any such land; " nor could the said Caleb find any such land, and the plaintiff avers that there was no land of said defendants in said Texas from which he could make such selection;" and that the plaintiff afterwards in this commonwealth again demanded of the defendants a deed of said land, and was again refused.

At the trial at September term 1857 of this court in Hampden, before *Thomas,* J., the defendants objected that the bond did not support the declaration, and moved for a nonsuit, " 1st. Because the declaration does not allege that there were lands belonging to the estate of Willard Wadhams at the date of the bond besides those expressly excepted in the instrument, from which a selection and conveyance could be made; 2d. Because it is alleged as a breach of the bond that there were no such lands." These objections were overruled.

It appeared in evidence, that before the date of the bond Willard Wadhams, a brother of the defendants, had died in Texas, seised of eight separate tracts of land there, one of which contained fourteen hundred and seventy six acres, two of twelve hundred and eighty acres each, three of six hundred and forty acres each, one of three hundred and fifty three acres, and one of eighty six and two thirds acres; and administration of his estate with the will annexed had been granted to Kidder Walker, a resident of that state, and was not closed till the 26th of November 1849; and that within a year after the date of the bond the defendants acquired from their brother's heirs the title to a share of said lands, and the right to sell the residue.

The widow of Caleb Loomis, being called as a witness for the plaintiff, testified that in the fall of 1847 she and her husband went to Texas with instructions from the defendants to apply to Walker for a deed of the lands mentioned in the bond ; that they did so, and Walker answered that there was no land there of which he could give a deed. She also testified to the admissions of Albert Wadhams, made about the same time, tending to show there were no such lands, though there had been.

The plaintiff introduced the deposition of Orrin Loomis, in which the witness testified that Albert Wadhams, in conversation with him after Caleb had gone to Texas, said that he had just received a letter from Walker, expressing his surprise that he should send on settlers before he had cleared the land, and stating that there were incumbrances to be paid off before a deed could be given. The defendants objected to this part of the deposition, " on the ground that it stated the contents of a letter." But the court admitted it, " as being the statement of one of the defendants upon the subject of the contract."

Before the evidence of the defendants was closed, the defendants' counsel moved that the case be dismissed so far as Albert Wadhams was concerned, on the ground that it appeared by the record, and was the fact, that he had never been served with process ; that he had not attended court in person until this trial ; that the condition of the record had at that term first become known to his counsel; that they were never authorized to sub-

mit to the jurisdiction in his behalf, and received all their in-structions from his brother. But it appearing that the appear-ance of counsel on the docket had been general, the plea signed generally, and a former trial had without objection, the presiding judge was of opinion that the defendant had submitted himself to the jurisdiction of the court, and waived any defect of ser-vice, and therefore overruled the motion.

The judge instructed the jury, " that the bond was a contract that there was land owned by Willard Wadhams, at the time of his decease, and not since sold, and not excepted in the bond, from which a selection of five hundred and twenty five acres could be made, and that if there were no such lands there would be a breach of the bond ; that the right of selection and duty of selection were in Caleb Loomis, and that the selection must have been made in such reasonable time before the expiration of the twenty months as would enable the defendants to prepare a deed of the land selected before the expiration of the period ; that in making such selection Caleb Loomis was not limited to a single tract, but might in the exercise of a reasonable discre-tion take two or more parcels, if he could find such, to make up the five hundred and twenty five acres, though he could not di-vide the different parcels and take a part of one and part of another ; that he was not bound to make the selection in such time before the expiration of the twenty months as to enable the defendants to repurchase land which had been sold after the date of the bond, or to free them from incumbrances ; and that the measure of damages was the value of five hundred and twenty five acres of the land described in the bond — the value of five hundred and twenty five acres owned by Willard Wadhams at the time of his decease, not sold before the date of the bond, and which Caleb Loomis might have selected under the limita-tions before expressed."

The jury returned a verdict for $1627.85, which included in-terest from the 5th of October 1848, and the defendants alleged exceptions.

*G. Ashmun & N. T. Leonard,* for the defendants.
*W. G. Bates,* for the plaintiff.

THOMAS, J.  1.  The motion to dismiss the suit so far as it re-lated to Albert Wadhams was rightly overruled.

There had been a general appearance for the defendants, a general answer had been filed, and a previous trial had without objection.  The second trial, at which Albert Wadhams was present, had been nearly finished before the motion was made. It came too late.  Any defect of service or of jurisdiction, so far as the person of the defendant was concerned, had been waived by his appearance and answer.  If the want of jurisdiction had been of the subject matter, it could not have been cured by the appearance of the defendant.  The want of jurisdiction as to the person was cured by the defendant's voluntary submission. The distinction is a familiar and sound one.

2.  The construction given to the bond in the instructions to the jury was correct.  It was a bond to give to Caleb and Almira Loomis, within twenty months from its date, a good operative deed of five hundred and twenty five acres of land in the State of Texas, from any land owned by Willard Wadhams at the time of his decease, excepting such land as might have been sold at the date of the bond, and also two tracts reserved by name.

The implication, that there were at the date of the bond lands from which the five hundred and twenty five acres might be taken, seems to us too plain for discussion.  It was the very substance of the contract.

As however the evidence showed that there were in fact lands in Texas of which Willard Wadhams died seised, and which were not sold at the date of the bond, and other than those specially reserved, the question of the existence of the im-plied covenant became comparatively immaterial.

3.  The allegation of the declaration is, that there were no lands from which the plaintiff's intestate could make his selec-tion after his arrival in Texas, within the time limited.  The evi-dence showed that though there had been lands answering to the description of the bond, they had been sold, so that the obligors could not comply with their contract.  The declaration does not allege there were no such lands at the date of the bond.  This

distinction seems to have been overlooked in the argument of the defendants' counsel.

4. The instructions as to the selection of the five hundred and twenty five acres, upon whom the duty devolved, as to the time when to be made, and as to the method of making up the quantity, are liable to no just exception.

5. It appearing by the evidence that there were parcels of land of which Willard Wadhams died seised, and which had not been sold at the date of the bond, there could be but one rule or measure of damages, and that was the value of such five hundred and twenty five acres as the plaintiff's intestate might have selected under the limitations stated by the presiding judge.

6. The objection to the admission of a portion of the deposition of Orrin Loomis is not tenable. The part objected to is a statement of an admission of a party to the record. " What a party says," observes Mr. Justice Parke, " is evidence against himself, as an admission, whether it relates to the contents of a written paper, or to anything else." *Earle* v. *Picken*, 5 Car. & P. 542. See also remarks of the same judge and of Lord Abinger in *Slatterie* v. *Pooley*, 6 M. & W. 668, 669; 1 Greenl. Ev. § 203; and *Smith* v. *Palmer*, 6 Cush. 520.

*Exceptions overruled.*